IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| | : CRIMINAL ACTION NO. |
| v. | : 1:16-CR-0027-AT |
| DERRICK LORENZO WATSON, | : |
| VERONICA ANDREA WATTERS and | : |
| CHRISTINA MARIE WILSON, | : |
| Defendants. | : |

## **ORDER**

Currently pending before the Court is Magistrate Judge Justin Anand's Report and Recommendation ("R&R") of July 18, 2017 (Doc. 130), which supplements his earlier Final Report and Recommendation (Doc. 96) in connection with Defendant Christina Marie Wilson's Motion to Suppress Statements (Doc. 75) and Motion to Suppress Search and Seizure (Doc. 76). The Supplemental R&R was issued in response and follow-up to the Court's Order of March 8, 2017 (Doc. 114).

The Court's Order of March 8th identified issues that required the Government's presentation of further evidence at a supplementary hearing as well as findings by the Magistrate Judge. Upon the Court's remand of the case, Magistrate Judge Anand conducted a supplemental hearing, listened anew to the

audiotapes of investigators' interviews of Christina Wilson, closely evaluated inconsistencies in law enforcement officers' statements made in the original and supplemental hearings, and reviewed the totality of the evidence presented at both hearings. The Magistrate Judge's Supplemental Report ultimately once again concluded that the Defendant had failed to carry her burden to prove she was in custody at the time of her interviews by state and federal law enforcement officers (Doc. 130). The Magistrate Judge further found that Defendant's statements were not given involuntarily and therefore concluded that the motions to suppress should be denied. In connection with these findings, the Magistrate Judge also found that there was no evidence of a bodily search in violation of the Fourth Amendment. The Defendant's only bodily contact with the agents consisted of the agents' likely initial pat down of the Defendant for contraband after they had entered the house with a warrant and one female agent's subsequent accompanying of the Defendant when she changed clothes before leaving her house to accompany the agents to her bank. The Report and Recommendation accordingly recommended that the Court deny both of Defendant's Motions to Suppress.

The Court has carefully reviewed both the Original and Supplemental Report and Recommendations (Docs. 95 and 96). A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 680 (1980).

Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the R&R that is the subject of a proper objection on a *de novo* basis and any non-objected portion on a "clearly erroneous" standard. The Defendant objected on numerous grounds to the Magistrate Judge's Report and Recommendations. Based on Defendant's objections, the Court has reviewed the pending Motions to Suppress and the Supplemental and Original Report and Recommendations on a de novo basis.

The Court well understands that Ms. Wilson was upset and frightened by the sudden appearance of a team of agents at her home and their immediate efforts to interview her regarding her activities in connection with the movement of money and cell phones within the Georgia state prison system. And Ms. Wilson understandably began to cry when one of the agents identified himself as an FBI agent 3 minutes and 30 seconds into the recorded part of the interview, as she must have at that point understood the gravity of the law enforcement interview and potential consequences. While the recorded interview does not indicate any of the agents ever expressly advised Ms. Wilson that she was free to leave the house and their interview, the agents made completely clear there currently were no charges against her and that no one had said anything about her going to jail at that juncture. As the Magistrate Judge correctly found, "[t]he record shows that Defendant was interviewed in her own home, that she was provided the opportunity for food, drink and cigarettes, that none of the agents

3

drew weapons, placed her in handcuffs, took her to a squad car, or did anything else emblematic of an arrest, that none of the agents threatened here or made any inappropriate comments" (Doc. 130 at 11). The Magistrate Judge also correctly found that Agent Roberts' testimony and precise recall of the events was muddled and somewhat inconsistent as to who initiated the interview and what (if anything) he or other agents advised Ms. Wilson when the interview was initiated. That said, the Court finds that the Magistrate Judge correctly assessed the testimony and evidence as a whole, including all of the testifying agents' testimony and the recording itself, in determining that Defendant could not reasonably have understood she was in custody or under arrest or under coercive threat when she gave her interview statement.

Law enforcement's peculiar handling of the tape recording of the interview with Ms. Wilson and format for presentation of the tape recording to the Court raised concerns that have been properly explored. Based upon the Court's review of the totality of the record evidence and the Magistrate Judge's correct factual and legal analysis, the Court finds that the Motions to Suppress must be **DENIED** (Docs. 75 and 76). The Court adopts the Magistrate Judge's original

Report and Recommendation (Doc. 96) *as modified* by the Supplemental Report and Recommendation (Doc. 130).[1]

Trial as to Defendants Derrick Lorenzo Watson, Veronica Andreas Watters, and Christina Wilson is hereby set to commence on Monday, June 11, 2018, at 1:30 PM in Courtroom 2308. The pretrial conference is set for Thursday, June 7, 2018, at 12:00 PM (noon) in Courtroom 2308.[2] By 9:00 AM on Thursday, May 24, 2018, the parties are to file any motions in limine and their proposed voir dire questions. By 9:00 AM on Thursday, May 24, 2018, the Government must file a brief summary of the indictment that the parties can rely on for voir dire. By noon on Wednesday, June 6, 2018, the parties are to file any objections to those items listed above. The Court notes that defense counsel John Lovell has requested a leave of absence from May 25, 2018, to June 4, 2018 (Doc. 147). The Court receives and approves this request. The time from the date of this order to June 11, 2018, shall be excluded from computation under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv). Failure to grant this continuance would likely deny counsel for the Defendants and Government the reasonable time necessary to effectively prepare for trial, taking into account the exercise of due diligence. The Court finds that the ends of justice are served by

---

[1] The Court notes that its rulings regarding the legality of the search, and questioning at issue here are potentially subject to further modification based on additional or conflicting evidence that may be presented at trial. *United States v. Newsome*, 475 F.3d 1221, at 1224 (11th Cir. 2007.)
[2] Defendants are required to attend the pretrial conference with their counsel, unless they file a written waiver of their appearance.

granting this continuance and are consistent with both the best interest of the public and individual justice in this matter.

It is so **ORDERED** this 15th day of May, 2018.

_____
Amy Totenberg
United States District Judge